REINER v. POTTER

(October 19, 1931. Opinion and Decree.)

Max Schaumburger, of New Orleans, attorney for plaintiff, appellant.

Chas. V. Gonzales and James O'Conner, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. The plaintiff in this case, Morris Reiner, alleging the defendant, William J. Potter, to be indebted to him in the sum of $903.78, caused a writ

of attachment to issue, and garnished certain funds in the hands of the Jefferson Parish Fair, Inc.

There was judgment dismissing plaintiff's suit and dissolving the writ of attachment. Plaintiff has appealed.

Reiner conducts a loan office in the city of New Orleans, and Potter is either the owner or trainer of race horses which, at the time that this claim is said to have originated, were running at the Jefferson Race Track. An agreement was entered into by virtue of which Potter would supply Reiner with certain information, or tips, on horses trained by him and Reiner would bet a certain amount for himself and a certain amount for defendant, advancing the money for both bets. When the horses won, as they sometimes did, the winnings would be divided on a pro rata basis and, when the horses lost, as they frequently did, a check would be given by Reiner to cover the amount of the losing bets.

There is no dispute concerning this arrangement, except that plaintiff claims that defendant had often asked that a larger sum be wagered for his account than the agreement called for, and it is for these alleged additional advances that plaintiff claims a balance due him in the sum of $700.

On the record before us we are unable to say that there is any amount due Reiner on account of their horse racing venture. No account appears to have been kept by either party, and each claims a balance in his favor. Certainly the evidence does not preponderate in plaintiff's favor.

The balance claimed, $203.78, is said to represent the value of a trunk sold to Potter by Reiner. Potter says that this trunk together with a watch was given to him as part payment of his share of a large and successful bet collected by Reiner. This statement is vigorously denied by Reiner, who insists that he sold the trunk to defendant, who purchased it for account of his wife. It appears, however, that after the alleged purchase and sale of the trunk Reiner continued to pay off winning bets without deducting the price of the trunk and on one occasion paid him in that way as much as $500 without asking or reserving payment for the trunk. Under the circumstances we are of the opinion that plaintiff has also failed to establish his claim for this item.

Our conclusion is that the judgment of the trial court is correct; consequently and for the reasons herein assigned the judgment appealed from is affirmed.